UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DYLAN STEPHEN JAYNE, | : |
| | : |
|     Plaintiff | : |
| | : |
|   v. | : CIVIL NO. 3:CV-07-1113 |
| | : |
| PIKE COUNTY CORRECTIONAL | : (Judge Kosik) |
| FACILITY, et al., | : |
| | : |
|     Defendants | |

## **M E M O R A N D U M**

## I.  Introduction

Plaintiff Dylan Stephen Jayne filed this civil rights action on June 21, 2007, pursuant to 42 U.S.C. § 1983. He was formerly an inmate at the Pike County Correctional Institution, but was released on February 1, 2006, prior to commencing this matter. Along with the complaint, Jayne has submitted an application seeking leave to proceed in forma pauperis. (Doc. 2.) Named as Defendants are the Pike County Correctional Facility ("PCCF") and several employees there including the Warden, the Assistant Wardens, Program Directors and two Psychologists. The complaint is presently before the court for preliminary screening pursuant to 28

U.S.C. § 1915(e)(2)(B).[1]  For the reasons that follow, the motion to proceed in forma pauperis will be granted and this action will be dismissed for failure to state a claim upon which relief can be granted.

## II.     Allegations in the Complaint

Admittedly, the complaint is a ten (10) page typewritten narrative that is both confusing to follow and fails to flow.  It jumps from one thought to another, setting forth much irrelevant background information and, after several reads, appears to allege the following.  Plaintiff sets forth challenges to his underlying criminal conviction on charges of Resisting Arrest and Public Drunkenness, a sentence which has been served.  These claims appear to come in the form of challenges to the preliminary arraignment, the plea agreement and the effectiveness of his public defender.[2]

Plaintiff also appears to set forth several claims of denial of access to the courts - specifically regarding his access to the law library/library assistance at the PCCF,

---

[1] Although much of the language in Section 1915 deals with prisoners, section 1915(e)(2) applies equally to prisoner as well as nonprisoner in forma pauperis cases. See Newsome v. Equal Employment Opportunity Commission, 301 F.3d 227, 231-33 (5th Cir. 2002); Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-06 (2d Cir. 2002); McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Powell Pastir, et al., Civil No. 1:07-CV-1408, slip op. at 1(M.D. Pa. August 13, 2007)(Kane, C.J.);  Powell v. Hoover, 956 F.Supp. 564 (M.D. Pa. 1997).

[2] He does not appear to raise civil rights claims against his Public Defender as his counsel is not named as a Defendant in this action.  His claims purely appear to be in the context of challenges to the underlying conviction and sentence on the Public Drunkenness/Resisting Arrest charges.

2

challenges to the housing classifications he received while at the PCCF and Eighth Amendment inadequate medical care claims against employees at the PCCF. With regard to the medical claims, he basically disagrees with medications that were prescribed for him by Defendants Volpe and Turnberg while confined at the PCCF. He seeks monetary relief in excess of $1,000,000.00.

**III.   Discussion**

The court is statutorily required to review the complaint of a plaintiff proceeding in forma pauperis prior to service of process under 28 U.S.C. § 1915(e). The statute provides, in relevant part, as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal -
>
> (i) is frivolous or malicious;
> (ii) <u>fails to state a claim on which relief may be granted;</u> or;
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added).

In considering a Rule 12(b)(6) motion to dismiss, the district court must accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

However, "the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). A motion to dismiss may be granted only where the allegations fail to state any claim upon which relief may be granted. See Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). Dismissal is warranted if a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965.

To the extent Plaintiff raises claims challenging his underlying criminal conviction/any collateral consequences therefrom, he is free to do so in a properly filed habeas corpus action. It is well-settled that a habeas corpus petition is the proper mechanism brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 990 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). It clearly appears that Plaintiff attempts to challenge his

4

conviction, however, it is also clear that he has served his sentence on the conviction and is no longer confined with regard to the same.  To the extent he seeks to challenge any collateral consequences stemming from said conviction, he is free to pursue said claims in a habeas action.  This court expresses no opinion on the success of any such action.  To the extent he seeks to recover damages based upon a conviction he argues is invalid, he also fails to state a claim.  In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  <u>Id</u>. at 486-87.  There is no evidence that such is the case here.

Plaintiff also sets forth several allegations claiming that he was denied access to the courts because he was not provided with access to or materials from the PCCF law library.  In order to state an access to the courts claim, Plaintiff must demonstrate an actual injury imposing some concrete negative effect on a prisoner's attempt to seek judicial redress, either in pursuing an existing non-frivolous lawsuit or in the loss of the opportunity to pursue one at all.  <u>Lewis v. Casey</u>, 518 U.S. 343, 351

5

(1996). "Actual injury" includes the loss of a non-frivolous claim that relates to a challenge, direct or collateral, to an inmate's conviction or relates to a challenge to the conditions of confinement. Id. at 351-54. Prisoners asserting denial of access to the courts claims must demonstrate their "actual injury" with specificity. See Gordon v. Morton, 131 Fed. Appx. 797, 798 (3d Cir. 2005)(holding that inmate's claim against corrections officers for alleged deprivation of access to the courts failed where he did not demonstrate actual injury). Plaintiff has not met this burden. With regard to the majority of access claims set forth by Plaintiff, he does not allege that he has suffered the required actual injury. In fact, in one instance, he states that although he was denied a PCRA form from the librarian, he did obtain one from a fellow inmate. (Doc. 1 at 6.) In another instance, he claims that while he was not given personal access to the law library, he was given the ability to write a request to the inmate law librarian to obtain research for him.[3] Accordingly, because Plaintiff has failed to demonstrate that he has suffered any injury, these claims are subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also sets forth several claims of inadequate medical care in violation

---

[3] While the complaint does set forth two occasions where Plaintiff alleges his denial of access to the courts resulted in "actual injury" in the form of the dismissal of a PCRA petition on April 15, 2005 (Doc. 1 at 7) and the inability to file a habeas corpus appeal (Id. at 9), amendment of the complaint to associate these claims with specific Defendants would be futile as it is clear these claims are barred by the statute of limitations.

of the Eighth Amendment. He particularly alleges that Defendants Volpe and Turnberg prescribed medication for him to alleviate his "racing thoughts" and help him sleep. (Doc. 1 at 4-5.) He also contends that he was prescribed medication by "Nurse Denise" pursuant to the directive of Defendant Turnberg for his high blood pressure, and claims that the medication made him dizzy. (Id. at 5.) He also challenges Defendant Volpe's failure to prescribe an anxiety pill for him which would have helped him deal with anxiety he continued to experience on occasion regarding choking on a roasted potato several years earlier (Id.).

In Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999), the Court of Appeals for the Third Circuit set forth the standard necessary to establish a claim for deliberate indifference to a prisoner's medical needs. The Court stated:

> The Eighth Amendment prohibits the imposition of unnecessary and wanton infliction of pain contrary to contemporary standards of decency. In Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court held that the Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide basic medical treatment to those whom it has incarcerated. The Court articulated the standard to be used: In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. Id. at 106, 97 S.Ct. 285. Therefore, to succeed under these principles, plaintiffs must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious.... It is well-settled that claims of negligence or medical

7

> malpractice, without some more culpable state of mind, do not constitute "deliberate indifference." As the Estelle Court noted: "[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind,'" Id. at 105, 97 S.Ct. 285... Deliberate indifference, therefore, requires obduracy and wantonness. . . which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk. . . .

Id. at 197 (some internal citations and quotations omitted).

Reading the complaint in the most favorable light to Plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), he fails to state an actionable claim against any person. At best, the allegations set forth his dissatisfaction with the treatments received and/or negligence. The averments set forth do not, under even the most liberal construction, suggest that any diagnosis or treatment were made maliciously or with deliberate indifference. The law is clear that "simple medical malpractice is insufficient to present a constitutional violation." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). While Plaintiff may disagree with the type of treatment he received, he does not set forth any allegations which even suggest deliberate indifference on the part of Defendants, even if the court were to assume any condition he suffered from was a serious medical need. Accordingly, Plaintiff fails to state a claim upon which relief can be granted.

Finally, Plaintiff appears to challenge his classifications while at the PCCF. He claims that upon arrival at the PCCF he was placed in the intake area of the jail for

observation as a Maximum Status Classification inmate for two (2) months and then moved to the disciplinary unit. (Doc. 1 at 4.) He also appears to express his unhappiness at several other points in the complaint with regard to other classifications he received and the units where he was housed pursuant to those classifications. Even assuming these claims could survive a statute of limitations challenge by the Defendants, it is well-established that an inmate has "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); James v. Reno, 39 F. Supp.2d 37, 40 (D.D.C. 1999) (citation omitted) (a federal inmate "has no liberty interest in his security classification").

Likewise, it has been recognized that an inmate has no justifiable expectation that he will be incarcerated in any particular prison. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Montayne v. Haymes, 427 U.S. 236, 242 (1976). Moreover, Plaintiff has not alleged that the custody classifications and placements at the PCCF resulted in the type of atypical or significant hardship necessary to establish a constitutional violation under Sandin v. Conner, 515 U.S. 472, 484 (1995). See James v. Reno, 39 F. Supp.2d at 40.

Plaintiff simply has no due process interest in a certain custodial classification or, for that matter, even being housed in a particular prison. Bradley v. Dodrill, et al.,

9

Civil No. 4:CV-02-2183, slip op. at 3-4 (M.D. Pa. December 19, 2002)(McClure, J.); <u>Cardenas v. Wigen</u>, 921 F. Supp. 291-92, 1051 (E.D. Pa. 1996). He merely disagrees with the classifications/housing assignments he received during his stay at the prison. However, he has no constitutional right to any particular custody classification and fails to allege any conditions resulting in any atypical or significant hardship which would establish a constitutional violation.[4]

    For all of the foregoing reasons, the complaint will be dismissed for failure to state a claim upon which relief may be granted. An appropriate Order follows.

---

[4] While at one point Plaintiff complains that he was moved to a maximum status unit and celled with an inmate accused of charges including double murder, he does not allege or even suggest that said inmate ever posed any threat to him in any way. Rather, Plaintiff merely preferred not to be housed with an inmate accused of such charges.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DYLAN STEPHEN JAYNE, :
:
    Plaintiff :
  v. :
: CIVIL NO. 3:CV-07-1113
:
PIKE COUNTY CORRECTIONAL : (Judge Kosik)
FACILITY, et al., :
:
    Defendants

# O R D E R

    **NOW, THIS 10th DAY OF OCTOBER, 2007,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **granted**.

2. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk of Court is directed to close the file.

4. Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

                                */s/ EDWIN M. KOSIK*
                                United States District Judge