FILED
SCRANTON
DEC 1 5 2009

_____ M. E. P.
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DYLAN STEPHEN JAYNE, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 3:CV-07-1113 |
| PIKE COUNTY CORRECTIONAL FACILITY, et al., | : (Judge Kosik) |
| Defendants | : |

## MEMORANDUM

### Background

Plaintiff Dylan Stephen Jayne filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 21, 2007. He was formerly an inmate at the Pike County Correctional Institution, but was released on February 1, 2006, prior to initiating this action. Named as Defendants are the Pike County Correctional Facility ("PCCF") and several employees there including the Warden, the Assistant Wardens, program directors and two psychologists. The complaint, as filed, was lengthy and construed to contain claims challenging Plaintiff's underlying conviction, denial of access to the courts, challenges to Plaintiff's housing classifications, and Eighth Amendment medical care claims. On October 10, 2007, the court reviewed the complaint pursuant to the

preliminary screening provisions of 28 U.S.C. § 1915(e)(2)(B).[1] The court found that Plaintiff had failed to state any viable claim, and dismissed the complaint pursuant to § 1915(e)(2)(B)(ii).

Plaintiff thereafter pursued an appeal from this court's order dated October 10, 2007, to the Third Circuit Court of Appeals. On September 23, 2009, the Third Circuit affirmed in part, vacated in part, and remanded for further proceedings. The mandate was filed in this court on December 9, 2009. (Doc. 11.) In the opinion, the Third Circuit Court of Appeals affirmed the dismissal of Plaintiff's challenge to his underlying state prosecution and conviction, agreeing with this court that he could only bring such claims in a § 2254 habeas petition. The Third Circuit found, however, that this court erred in dismissing Plaintiff's remaining claims without providing him an opportunity to amend the complaint. (Doc. 11 at 3.) Given the opportunity to amend, the appellate court found that it might be possible for Plaintiff to properly set forth claims pursuant to § 1983 alleging that his Eighth Amendment rights were violated due to the deliberate indifference to a serious medical need, and/or that his custodial classification presented an atypical hardship as is required to

---

[1] While much of the language in Section 1915 addresses "prisoners," section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner in forma pauperis cases. See Newsome v. Equal Employment Opportunity Commission, 301 F.3d 227, 231-33 (5th Cir. 2002); Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-06 (2d Cir. 2002); Powell v. Pastir, et al., Civil No. 1:07-CV-1408, slip op. at 1 (M.D. Pa. August 13, 2007)(Kane, C.J.).

2

establish a constitutional violation under Sandin v. Conner, 515 U.S. 472 (1995). In addition, the appellate court found that while this court dismissed Plaintiff's access to the court claims as time-barred, and agreed that some of said claims did appear to be barred, it was unclear from the complaint as drafted which access to the courts claims were barred. As such, it was unclear as to whether amendment of the complaint would be futile.

In light of the foregoing, Plaintiff will be afforded fifteen (15) days within which to submit an amended complaint in this action strictly limited to the claims discussed above. In preparing an amended complaint, Plaintiff is advised that he must comply with Federal Rule of Civil Procedure 8, and set forth at least a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed him. The "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The amended complaint must also be filed to the civil action number referenced above, Civil No. 07-1113. An appropriate Order follows.

3

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DYLAN STEPHEN JAYNE, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-07-1113
:
PIKE COUNTY CORRECTIONAL : (Judge Kosik)
FACILITY, et al., :
:
    Defendants

**ORDER**

**NOW, THIS** 15th **DAY OF DECEMBER, 2009,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff shall file an amended complaint within fifteen (15) days from the date of this order in accordance with the attached memorandum. The amended complaint shall carry the same civil docket number (3:07-CV-1113) presently assigned to this matter. The Clerk of Court shall forward to Plaintiff a civil rights form complaint for his use in filing the amended complaint.

2. The failure to file an amended complaint within the time period specified will be construed by the court to be Plaintiff's desire to no longer pursue this action.

EDWIN M. KOSIK
United States District Judge